672

WICK CONSTRUCTION Co., *Respondent*, v. THE STATE OF
WASHINGTON, *Appellant.**

*The Attorney General, James A. Furber* and *Henry W.
Wager, Assistants,* for appellant.

*Ferguson & Burdell (Edward Hilpert, Jr.* and *Donald
McL. Davidson,* of counsel) for respondent.

HAMILTON, J.—Plaintiff, a building contractor, brought
this action seeking to obtain a refund of use taxes assessed
and paid, between January 1, 1958, and September 30, 1961,
with respect to certain concrete form lumber. The trial
court granted the relief prayed for. The state appeals.

Based upon the stipulated facts, the question is: Is a
building contractor liable for the state use tax on the value
of form lumber where (a) the contractor does not pay a
retail sales tax on the purchase price; (b) the lumber is
purchased for a particular job and is either (1) completely

*Reported in 399 P. (2d) 311.

consumed upon that job in making forms for concrete, or (2) used in making such forms and thereafter incorporated into the building as a component thereof; and (c), in either event, the price paid to the contractor by the owner includes a retail sales tax on the value of such lumber.

In *Earley v. State,* 48 Wn. (2d) 667, 296 P. (2d) 530 (1956), we answered the question in the negative as applied to form lumber completely consumed on the job for which it was purchased. By Laws of 1957, chapter 279, §§ 1[1] and 2[2],

[1]" . . .

" 'Sale at retail' or 'retail sale' means every sale of tangible personal property (including articles produced, fabricated, or imprinted) other than a sale to one who (a) purchases for the purpose of resale as tangible personal property in the regular course of business, or *(b) installs, repairs, cleans, alters, imprints, improves, constructs, or decorates real or personal property of or for consumers, if such tangible personal property becomes an ingredient or component of such real or personal property,* or (c) purchases for the purpose of consuming the property purchased in producing for sale a new article of tangible personal property or substance, of which such property becomes an ingredient or component or as a chemical used in processing, when the primary purpose of such chemical is to create a chemical reaction directly through contact with an ingredient of a new article being produced for sale. The term also means every sale of tangible personal property to persons engaged in any business which is taxable under RCW 82.04.280, subsection (2), and 82.04.290.

"The term 'sale at retail' or 'retail sale' shall include the sale of or charge made for tangible personal property consumed and/or for labor and services rendered in respect to the following: . . . (b) the constructing, repairing, decorating, or improving of new or existing buildings or other structures under, upon, or above real property of or for consumers, including the installing or attaching of any article of tangible personal property therein or thereto, whether or not such personal property becomes a part of the realty by virtue of installation, . . ." (Italics ours.) Laws of 1957, chapter 279, § 1, p. 1112.

[2]" . . .

" 'Consumer' means the following:

"(1) Any person who purchases, acquires, owns, holds, or uses any article of tangible personal property other than for the purpose (a) of resale as tangible personal property in the regular course of business or *(b) of incorporating such property as an ingredient or component of real or personal property when installing, repairing, cleaning, altering, imprinting, improving, constructing, or decorating such real or personal property of or for consumers* or (c) of consuming such property in producing for sale a new article of tangible personal property or a

the legislature amended RCW 82.04.050 and 82.04.190[3] in such a manner as to exclude from the tax liability in question form lumber which becomes a component of a building erected on the job.

The state, on appeal, contends the 1957 amendments just referred to overrule, by implication, our holding in *Earley v. State, supra*. The trial court disagreed. So do we.

In *Earley v. State, supra,* construing RCW 82.04.050 as it then read, we said (p. 669):

"The form lumber sold to the contractors by their supplier was 'tangible personal property.' The contractors did not purchase it for the purpose of resale as tangible personal property or for the purpose of producing a new article of tangible 'personal' property of which such lumber became an 'ingredient or component.' Therefore, if we look only to the first paragraph of RCW 82.04.050, it might well be that the purchase of this form lumber from the supplier must be regarded as a 'retail sale.'

"We cannot, however, overlook the second paragraph of RCW 82.04.050, for it deals specifically with the tax to be applied with respect to the consumption of tangible personal property in constructing a building. In so far as here material, the second paragraph reads:

" 'The term "sale at retail" or "retail sale" shall include the sale of or charge made for tangible personal property consumed . . . in respect to . . . (2) the constructing . . . or improving of new or existing buildings or other structures under, upon, or above real property of or for consumers. . . .'

"The terms of this second paragraph indicate that the charge made by the contractor and paid by the owner constitutes a 'sale at retail' or 'retail sale' of all tangible personal property (including form lumber) consumed in constructing the building. We do not believe that the legislature intended that there should be two retail sales (both

new substance of which such property becomes an ingredient or component or as a chemical used in processing, when the primary purpose of such chemical is to create a chemical reaction directly through contact with an ingredient of a new article being produced for sale; . . ." (Italics ours.) Laws of 1957, chapter 279, § 2, p. 1114.

[3] The italicized portions of the statutes set out in footnotes 1 and 2 represent the changes made in RCW 82.04.050 and 82.04.190 by Laws of 1957, chapter 279, §§ 1 and 2.

taxable as such) with respect to the same form lumber—first, when the supplier sells the lumber to the contractor, and second, when the contractor collects his charge from the building owner.

"We therefore hold that the second paragraph of RCW 82.04.050, dealing with this particular kind of transaction (consumption of tangible personal property in constructing a building) controls over and modifies the general definition set out in the first paragraph of RCW 82.04.050."

As heretofore noted, the only changes made in the pertinent statutes by the Laws of 1957, chapter 279, §§ 1 and 2, occurred in the *first paragraph* of RCW 82.04.050 and in the definition of "consumer" as contained in RCW 82.04.190. These changes were not, however, in the form of specifically adding a tax liability. Instead, the changes took the form of adding an exclusion the effect of which, so far as building contractors be concerned, was to exclude from the general definition of a taxable "retail sale" the transaction whereby the contractor purchases from his supplier that form lumber, which by its use *becomes a component of the building erected on the job for which it was purchased.* No change whatsoever was made in the *second paragraph* of RCW 82-.04.050, which we held in *Earley v. State, supra,* controlled and modified the *first paragraph,* and negatived an intent on the part of the legislature to erect two taxable retail sales with respect to that category of form lumber *completely consumed on the job for which it was purchased.*

We are not persuaded that, by adding the exclusionary language in question, the legislature thereby intended to overrule or circumvent our decision in *Earley v. State, supra,* and to render the one category of form lumber liable for a dual tax while relieving the other category therefrom. Had such been the legislative intent, we are convinced it would have found clearer expression.

The judgment of the trial court is affirmed.

HILL, DONWORTH, FINLEY, WEAVER, OTT, and HUNTER, JJ., concur.

ROSELLINI, C. J., (dissenting)—I do not believe that the court correctly construed the statutes in question in *Earley*

*v. State,* 48 Wn. (2d) 667, 296 P. (2d) 530, as it held that lumber for concrete forms which was completely consumed in the building process (but did not become a part of the structure) was not taxable to the contractor; and I do not think that the legislature intended to condone that portion of the holding when it amended RCW 82.04.050 and 82.04-.190 to exempt sales, *inter alia,* to one who constructs real property, if the tangible personal property in question becomes an ingredient or component of such real or personal property. *Expressio unius est exclusio alterius.* If the legislature meant to exempt all personal property consumed on the job, whether or not it became an ingredient or component of the building, it could have said so in plain and simple language.

I will not belabor this dissent, however, inasmuch as the opinion must be filed immediately to afford the legislature an opportunity to correct the interpretation of the law rendered by this court, before its adjournment, if that interpretation does not accord with its intent.

HALE, J., concurs with ROSELLINI, C. J.

May 4, 1965. Petition for rehearing denied.